Cynthia L. Fulton, Esq. SBN 012480
Fulton Friedman & Gullace LLP
130 N. Central Ave., Ste. 200
Phoenix, Az. 85004
(866) 563-0809
Attorney for Defendant

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Crystal Holmes | Case No.: CV 09-00225-MEA |
|---|---|
| Plaintiff | |
| Vs. | **RESPONSE TO MOTION TO COMPEL** |
| McMillan, Andrews & Associates | |
| Defendants | |

Defendant made an offer of judgment to the Plaintiff offering her $1,001.00 in statutory damages, plus $1,001.00 in actual damages plus her attorney fees and costs to date. The offer of judgment was delivered to the Plaintiff's counsel June 1, 2009.

By statute, the Plaintiff is not entitled to recover more statutory damages, as the most she could recover at trial would be $1,000.00. 15 U.S.C. §1692k (a)(2)(A). The statute allows her to recover "any actual damage sustained by such person as a result of such failure" in addition to statutory damages. 15 U.S.C. §1692k (a)(1). From the point in time when the offer is made, the burden of proof shifts to the Plaintiff to show that she is entitled to more actual damages than she was offered.

Plaintiff's claim that more discovery needs to be completed before she can respond to the Motion to Dismiss is at best disingenuous. The discovery she seeks is irrelevant to the response to the Motion to Dismiss. See, F.R.C.P. Rule 26. The FDCPA does not make provision for the

1

1 Court to award more or less damages based upon the conduct of the Defendant. Neither punitive

2 damages nor declaratory relief is available to a private claimant under the FDCPA. *Weiss v.*

3 *Regal Collections,* 385 F.3d 337, 341 (3d Cir. 2004) citing *Crawford v. Equifax Payment Servs.,*

4 *Inc.,* 201 F.3d 877, 882 (7th Cir.2000), *Bolin v. Sears Roebuck & Co.,* 231 F.3d 970, 977 n. 39

5 (5th Cir.2000), *Sibley v. Fulton DeKalb Collection Servs.,* 677 F.2d 830, 834 (11th Cir.1982).

6       The Motion to Compel discovery of Defendant's bona fide error defense is brought to

7 expand the litigation and for the purpose of increasing Plaintiff's attorney fees. It avoids the

8 issue regarding whether the Plaintiff has been offered all that she may recover (and more) if this

9 case is needlessly forced to a pointless trial. Sanctions are inappropriate at this time.

10       Although Plaintiff asserts that discovery is not stayed during the pendency of a Motion to

11 Dismiss; the very first case she cites excludes from that statement motions brought to determine

12 the sufficiency of jurisdiction, venue or immunity. *Twin City Fire Ins. Co. v. Employers*

13 *Insurance of Wausau,* 124 F.R.D. 652 (D. Nev. 1989). This is one of the excluded instances.

14 Since the Offer of Judgment included an offer of all that Plaintiff could recover at trial, the

15 Court's jurisdiction is at issue because there is, in all reality, no longer a "controversy" over

16 which the Court may exercise jurisdiction.

17       Plaintiff asserts that the Court may look to extrinsic evidence when determining the

18 outcome of the Motion to enforce the Offer of Judgment and that the information requested by

19 her discovery served on the Defendant will aid in the Court's decision. Plaintiff's counsel has

20 yet to tell the Court what information she would glean from the responses to her discovery

21 (which is form discovery and matches nearly verbatim the discovery in other matters filed by her

22 counsel), or why it is important to this case in light of the offer of judgment. In fact, it appears

23 that she went out of her way not to provide the Court with the discovery she thinks must be

24 answered.

25

In truth, none of the discovery demanded by the Plaintiff is relevant to the issue of liability; it is relevant to Defendant's bona fide error defense, which may never come into play in this litigation if the Motion to Dismiss for lack of subject matter jurisdiction is granted. Pursuant to F.R.C.P. Rule 26(b)(2)(C)(iii), the Court may on motion or on its own motion limit the frequency or extent of discovery otherwise allowed by the rules if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources; the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In essence, Plaintiff's demanded discovery is burdensome at this stage of the lawsuit, because the amount in controversy was completely alleviated with Defendant's offer of judgment. Furthermore, the anticipated discovery responses are not relevant and they are unnecessary for the Plaintiff to respond to the Motion to Dismiss. Responses to the discovery will only become necessary in the event the Motion to Dismiss is denied, or alternatively, if the Court does not compel the Plaintiff to accept the offer pursuant to the terms of Rule 68 in order to avoid an unnecessary and wasteful trial. See, *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000).

Plaintiff's assertion that the Motion to Dismiss is based upon a factual attack of the Complaint is wrong and misstates the Defendant's position. Plaintiff, at this point can gain nothing greater than she was already offered. She no longer has a personal stake in the litigation. If she believes she continues to have a personal stake, she must provide that evidence to the Court in response to the Motion to Dismiss. The evidence she needs in order to respond is uniquely in her possession.

Moreover, the Motion points to nothing in the demanded discovery which would provide her with information she should not already have in her possession because her actual damages,

assuming any exist, should have been determinable, at the latest, on the date the lawsuit was filed.

Plaintiff's discovery with regard to Defendant's bona fide error defense should be stayed, and sanctions denied until such time as the Court rules on Defendant's Motion to Dismiss.

Respectfully submitted this 16th day of October, 2009.

                                      Fulton  Friedman & Gullace, LLP

                                      /s/ Cynthia Fulton
                                      Cynthia L. Fulton
                                      130 N. Central Ave., Ste. 200
                                      Phoenix, Az.  85004
                                      Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify that on the 16th day of  October, 2009 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    David J. McGlothlin        david@southwestlitigation.com

                                      Cynthia Fulton
                                      Cynthia  Fulton