**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **CRYSTAL HOLMES,** | ) |
| | ) |
| **Plaintiff,** | ) CIV 09-00225 PHX MEA |
| | ) |
| v. | ) ORDER |
| | ) |
| **McMILLAN, ANDREWS & ASSOCIATES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

All of the parties to this matter have agreed to magistrate judge jurisdiction over the proceedings, including the entry of final judgment. Before the Court is Plaintiff's motion [Docket No. 22] to compel responses to requests for discovery.

An offer of judgment was delivered to Plaintiff's counsel on or about June 1, 2009. Plaintiff did not accept the offer of judgment. Plaintiff served Defendant with requests for discovery, i.e., interrogatories, requests for production of documents, and requests for admissions, on July 13, 2009. Pursuant to the Federal Rules of Civil Procedure, responses to the requests for discovery were due by August 17, 2009.

Defendant did not provide responses to the requests for discovery. Plaintiff's counsel avers he made several attempts

to contact Defendant's counsel regarding the failure to provide responses to the requests for discovery. At some point after August 24, 2009, counsel for Defendant acknowledged to Plaintiff's counsel that she had received Plaintiff's discovery requests.[1]

Plaintiff's counsel agreed to allow Defendant until September 11, 2009, to serve the overdue responses to Plaintiff's requests for discovery. Defendant never served answers to the requests for discovery. On September 11, 2009, Defendant filed a motion to dismiss Plaintiff's complaint, arguing Plaintiff's case was rendered moot by Defendant's offer of judgment. See Docket No. 17. As Plaintiff notes in the motion to compel, Defendant did not seek to stay discovery during the pendency of the motion to dismiss.

Plaintiff's counsel avers he attempted to contact Defendant's counsel regarding the delinquent discovery responses on five occasions over four days in late September. On September 25, 2009, Defendant filed an Objection to Plaintiff's Certificate of Service regarding the service of Plaintiff's July discovery requests. See Docket No. 20. When Plaintiff's counsel contacted chambers regarding the discovery dispute, counsel was told to file the appropriate motion, to which

---

[1] In the interim, on July 14, 2009, a scheduling conference was conducted and the parties represented to the Court that the matter could be referred to a different Magistrate Judge for the purposes of conducting a settlement conference. A settlement conference in this matter was set on July 20, 2009, to occur in October of 2009. The scheduled settlement conference was vacated pending the resolution of Defendant's motion to dismiss at Docket No. 17.

-2-

Defendant has now responded.

In the motion to compel Plaintiff asks the Court to deem the requests for admission admitted and to order Defendant to provide answers to interrogatories. Plaintiff also seeks

> an extension to file Plaintiff's Opposition to Defendant's Motion to Dismiss until two weeks after Defendant is ordered to produce discovery responses and corresponding documents. Plaintiff also requests monetary sanctions against Defendant for not timely responding to the written discovery, repeatedly ignoring Plaintiff's attempts to solve this dispute without Court intervention, and causing Plaintiff to incur unnecessary attorney's fees and costs. Plaintiff's counsel has incurred 3.6 hours in meeting and conferring and drafting this Motion to Compel. At Plaintiff's counsel's current billing rate, $900 is requested as a discovery sanction.

Docket No. 23 at 6.

In response to the motion to compel and in the motion to dismiss Defendant contends that its offer of judgment was an admission of liability. Defendant maintains responses to discovery requests are no longer needed nor relevant because Defendant has offered to concede liability. Defendant asserts the discovery sought by Plaintiff is now irrelevant. Defendant alleges the discovery relates to a bona fide error defense and is "brought to expand the litigation and for the purpose of increasing Plaintiff's attorney fees. It avoids the issue regarding whether the Plaintiff has been offered all that she may recover (and more) if this case is needlessly forced to a pointless trial. Sanctions are inappropriate at this time." Docket No. 23 at 2.

-3-

**Standard for granting or denying a motion to compel**

The Court enjoys wide discretion in managing discovery and assessing whether sanctions are appropriate. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004); Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997) (holding a decision will be upheld unless the District Court committed a clear error of judgment); Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995). A party's documented misconduct and its prejudicial effect on the opposing party weighs in favor of exercising the Court's discretion to sanction the non-compliant party. See Pickern v. Pier 1 Imp. (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006).

Rule 33(b)(2), Federal Rules of Civil Procedure requires the responding party to serve answers or any objections to interrogatories within thirty days of being served with the request(s). The rule also provides that any basis for objecting to a request for discovery which is not timely stated is waived unless the Court, for good cause shown, excuses the failure. See Fed. R. Civ. P. 33(b)(4) (2009). See also, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981); Essex Ins. Co. v. Neely, 236 F.R.D. 287, 289 (N.D.W. Va. 2006). When a party fails to provide responses to requests for admissions within thirty days, the facts included in the requests for admissions are automatically deemed established. See Fed. R. Civ. P. 36(a)(3) (2009). See also, e.g., Switchmusic.com, Inc. v. U.S. Music Corp., 416 F. Supp 2d 812,

817 (C.D. Cal. 2006).

Defendant contends the sought-after discovery involves only a potential bona fide error defense.[2] Plaintiff asserts that, even assuming Defendant's admission of liability is binding, Plaintiff's discovery requests are still relevant to determine the full scope of Defendant's actions for the fact-finder to consider when establishing the amount of damages to award to Plaintiff arising from that liability.

The Court notes initially that discovery may be stayed pending resolution of a motion to dismiss, however, this relief is not automatic. See Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (stating a stay pending the resolution of a motion to dismiss is permissible if the District Court is convinced the plaintiff will lose the motion to dismiss); Alaska Cargo Transp., Inc. v. Alaska R.R. Corp., 5 F.3d 378, 383 (9th

---

[2] The FDCPA includes a "bona fide error" defense. See 15 U.S.C. § 1692k(c) (2009); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 & n.11 (9th Cir. 2006). The statute provides:
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c) (2009). See also Reichert v. National Credit Sys., Inc., 531 F.3d 1002, 1005-06 (9th Cir. 2008). The bona fide error defense is an affirmative defense for which the defendant debt collector has the burden of proof. See, e.g., Reichert, 531 F.3d at 1006; Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1514 (9th Cir. 1994). The defendant must show that it maintains procedures to avoid errors. Reichert, 531 F.3d at 1006; Clark, 460 F.3d at 1176-77. A debt collector fails to meet this burden if it does not produce evidence of "reasonable preventive procedures" aimed at avoiding the errors. See Fox, 15 F.3d at 1514.

Cir. 1993) (concluding granting a motion to stay discovery pending a motion to dismiss is within the Court's discretion). However, even assuming that filing a motion to dismiss did provide a basis for staying discovery, Defendant's responses to Plaintiff's discovery requests were due prior to the date that Defendant filed the motion to dismiss. Notably, Defendant never sought to stay discovery based on their intention to file, or the pendency of, their motion to dismiss based on a failure of subject matter jurisdiction. Although Defendant's current legal position is that the sought-after discovery was mooted when Plaintiff refused the offer of judgment, Defendant did not assert that legal position until several months after the offer of judgment expired and several weeks after its responses to the requests for discovery were due.

Providing the discovery sought by Plaintiff is still necessary because, as of this date, the motion to dismiss has not been decided and the discovery is still relevant to Plaintiff being prepared to present an argument refuting the assertion of a bona fide error defense should it become necessary in the course of this litigation.[3]

Accordingly,

**IT IS ORDERED that** Plaintiff's motion to compel [Docket No. 22] is **granted**. Defendant shall have until December 18, 2009, to provide responses to the interrogatories and requests

---

[3] Resolving the motion to dismiss will require the Court to determine whether the offer of judgment gave Plaintiff all the relief she could hope to recover. See Tallon v. Lloyd & McDaniel, 497 F. Supp. 2d 847, 850-51 (W.D. Ky. 2007).

for production of documents served July 13, 2009.

**IT IS FURTHER ORDERED that** the facts asserted in the requests for admissions served by Plaintiff are deemed admitted by Defendant based on Defendant's failure to assert any timely objection or response thereto.

**IT IS FURTHER ORDERED that** Plaintiff shall have until January 5, 2010, to file a response to Defendant's motion to dismiss.

**IT IS FURTHER ORDERED that** Plaintiff is awarded and Defendant shall pay sanctions in the amount of $900.

DATED this 23rd day of November, 2009.

_____
Mark E. Aspey
United States Magistrate Judge